UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-5005-MJ-SNOW

UNITED STATES OF AMERICA

v.

YASMANI LOPEZ TORRES, et. al,

_____/

FILED BY ___AT___ D.C.

Apr 19, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

4. Did this matter involve the participation of or consultation now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   /s/ STEVEN J. SARKEES
      Steven J. Sarkees
      Special Assistant United States Attorney
      Court ID No. A5503194
      99 NE 4th Street
      Miami, Florida 33132-2111
      Tel: (305) 961-9416
      Email: Steven.Sarkees@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
| v. | ) | |
| YASMANI LOPEZ TORRES, and REYNEL HERNANDEZ ALMEDIA, | ) ) ) ) ) | Case No. 24-5005-SNOW |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **April 15, 2024** in the county of **Monroe** in the **Southern** District of **Florida and elsewhere**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1324(a)(1)(A)(v)(I) | Conspiracy to Encourage and Induce Aliens to Enter the United States |
| 8 U.S.C. § 1324(a)(1)(A)(i) | Bringing Aliens into the United States |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Crystal Becker, HSI Special Agent
*Printed name and title*

Sworn to before me telephonically.

Date: 4/18/24

*Judge's signature*

City and state: Key West, Florida        Hon. Lurana S. Snow, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Crystal Becker, being first duly sworn, do hereby depose and state the following:

## INTRODUCTION

1. I am employed as a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), in Key Largo, Florida, and have been so employed since July 2019. As an HSI special agent, I am responsible for investigating matters within the jurisdiction of the United States Department of Homeland Security, including violations of the immigration and customs laws of the United States. Prior to my employment with HSI, I was employed as a United States Border Patrol Agent from 2015 through 2019. I have completed the Criminal Investigator Training Program, HSI Special Agent Training Program, and the Border Patrol Agent Basic Training Program at Federal Law Enforcement Training Centers in Glynco, GA and Artesia, NM. These academies consisted of comprehensive training in multiple disciplines including proper investigative techniques and the application and execution of search, arrest, and seizure warrants for violations of federal laws, including but not limited to violations of the Immigration and Nationality Act.

2. The statements contained in this Affidavit are based upon my own personal knowledge gathered during my participation in this investigation, my previous training and experience, other law enforcement officers and agents who have engaged in numerous investigations involving the transportation of migrants who are unlawfully present in the United States, and upon facts and information from agents and interviews. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included each and every fact known to me or law enforcement in this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

3. I submit this Affidavit in support of a criminal complaint against Yasmani LOPEZ TORRES ("LOPEZ TORRES") and Reinel HERNANDEZ ALMEIDA ("HERNANDEZ ALMEIDA"). There is probable cause to believe that LOPEZ TORRES and HERNANDEZ ALMEIDA conspired to encourage and induce aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be a violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

## PROBABLE CAUSE

4. On or about April 15, 2024, Special Agents from HSI Key Largo received information about a suspected human smuggling vessel traveling toward the coast of Northern Key Largo, Florida. While conducting a border security patrol northbound toward the Bahamas, a Customs and Border Protection ("CBP") Air Marine Operations ("AMO") aircraft (the "LAW ENFORCEMENT AIRCRAFT") detected a suspicious vessel (the "SUSPECT VESSEL") heading westbound towards Key Largo traveling at approximately 25 knots. The LAW ENFORCEMENT AIRCRAFT first detected the SUSPECT VESSEL approximately five (5) nautical miles off the coast of northern Key Largo, Florida.

5. The LAW ENFORCEMENT AIRCRAFT continued to monitor the SUSPECT VESSEL as it continued westbound toward Key Largo, Florida. The LAW ENFORCEMENT AIRCRAFT observed two (2) operators behind the helm, whom law enforcement later identified as LOPEZ TORRES and HERNANDEZ ALMEIDA. The LAW ENFORCEMENT AIRCRAFT observed multiple people laying down on the deck of the vessel. THE LAW ENFORCEMENT AIRCRAFT observed LOPEZ TORRES and HERNANDEZ ALMEIDA retrieve a large fuel drum from the center console storage compartment of the SUSPECT VESSEL and refuel the vessel.

The LAW ENFORCEMENT AIRCRAFT relayed information regarding the SUSPECT VESSEL to AMO Miami Marine Unit (MMU) vessel M-812 (the "LAW ENFORCEMENT VESSEL").

6. On or about April 15, at approximately 10:05 a.m., the LAW ENFORCEMENT VESSEL intercepted the SUSPECT VESSEL approximately 3.5 nautical miles off the coast of Garden Cove, Key Largo, Florida. The LAW ENFORCEMENT VESSEL activated its navigation lights, spotlights, and spreader lights to get the attention of the operator of the SUSPECT VESSEL. Law enforcement instructed the operator to stop the SUSPECT VESSEL. The operator complied with law enforcement's instruction and stopped the boat and surrendered. As the LAW ENFORCEMENT VESSEL moved closer toward the SUSPECT VESSEL, law enforcement observed two (2) operators (LOPEZ TORRES and HERNANDEZ ALMEIDA) at the helm of the vessel. In addition, law enforcement observed multiple people sitting and laying down on the deck of the SUSPECT VESSEL. Law enforcement conducted a registration check of the SUSPECT VESSEL's registration number, FL9600MT, and found that the SUSPECT VESSEL was registered to A.J.B.

7. Law enforcement officers discovered a total of sixteen (16) individuals onboard the SUSPECT VESSEL, including LOPEZ TORRES and HERNANDEZ ALMEIDA. Law enforcement conducted a records checks and determined LOPEZ TORRES and HERNANDEZ ALMEIDA to be Citizens and Nationals of Cuba with parolee status in the United States (US). Additionally, law enforcement found that none of the other fourteen (14) individuals onboard the SUSPECT VESSEL possessed visas or other documents that would allow them to legally enter the United States.

8. LOPEZ TORRES and HERNANDEZ ALMEIDA along with the fourteen (14) non-citizens were transferred to the United States Coast Guard ("USCG") Cutter Charles David

Jr. transferred for biometric checks and identification purposes. Law enforcement confirmed through records checks that none of the fourteen (14) other individuals had documentation or pending applications that would allow them to lawfully enter the United States. Law enforcement observed several of the passports belonging to the fourteen (14) individuals were stamped in the Bahamas prior to the voyage on April, 15, 2024.

9. Law enforcement upon boarding the SUSPECT VESSEL noticed the SUSPECT VESSEL's onboard global positioning was active and running and observed a waypoint coordinate placing the SUSPECT VESSEL's location west of the coast of South Bimini, Bahamas (25.697867, -79.344583).

10. On or about April 18, 2024, LOPEZ TORRES and HERNANDEZ ALMEIDA were brought ashore at U.S. Coast Guard Station Marathon in Marathon, Florida.

11. On or about April 18, 2024, LOPEZ TORRES and HERNANDEZ ALMEIDA were read their Miranda warnings in Spanish and waived their right in writing. Both separately admitted to traveling to the Bahamas for the purpose of picking up fourteen (14) non-citizens to bring them into the United States in exchange for payment.

## CONCLUSION

12. Based on the foregoing facts, your affiant respectfully submits that there is probable cause to believe that LOPEZ TORRES and HERNANDEZ ALMEIDA conspired to encourage and induce aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be a violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
CRYSTAL BECKER
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 telephonically this 18 day of April 2024.

_____
HONORABLE LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA